Filed 1/9/25  P. v. Mitchell CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B335904 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA422497) |
| v. | |
| BERNARD MITCHELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt Bloomfield and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This is the fourth time we consider the sentencing of Bernard Mitchell for his 2013 robbery conviction.

In this appeal, the People concede that remand is appropriate in one respect, because the trial court did not recognize the full scope of his discretion in resentencing, and thus did not rule on several of Mitchell's requests. We agree, and reverse and remand for a full resentencing.

However, we disagree with Mitchell's contention that the trial court abused its discretion when it denied his request to strike any of the firearm enhancements or impose a lesser enhancement pursuant to Penal Code section 12022.53, subdivision (h).[1] Accordingly, we affirm that portion of the ruling.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

In August 2013 and December 2013, defendant and one other person entered two different One West Bank locations in Los Angeles. Each time, they ordered bank employees, at gunpoint, to lie on the ground. They took the amount of $73,740 in cash from the August robbery and $63,800 in cash from the December robbery.

### II. Procedural History

As explained in our prior opinions, a jury convicted Mitchell of six counts of second degree robbery, one for each of the victims. The jury also found true six enhancements for the personal use of a firearm (§ 12022.53, subd. (b)), as well as an enhancement for

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

the amount taken. The jury also convicted Mitchell of being a felon in possession of a firearm. (§ 29800, subd. (a)(1).)

The trial court originally sentenced defendant to 40 years in state prison. After a successful appeal on an unrelated sentencing issue, the trial court sentenced Mitchell on remand to 39 years. In coming to this calculation, the court used one of the second degree robbery counts from the first robbery as the principal count and imposed a sentence of 16 years, which was comprised of a high-term base sentence of five years plus 10 years for the personal use of a firearm with no injury, and one year for the amount of money taken. For the remaining five robbery counts, the court imposed consecutive sentences of four years and eight months, comprised of a base sentence of one year (calculated as one-third the mid-term, three-year base sentence for robbery) plus three years and four months for the personal use of a firearm (calculated as one-third of the 10-year enhancement) plus four months for the amount taken (calculated as one-third of the one-year enhancement). The court then added a further consecutive sentence of eight months for the felon-in-possession count.

During that resentencing, the trial court was requested to dismiss the firearm enhancements or impose a lesser sentence under the enhancement for personal use of a firearm. The court declined to do so, indicating its understanding that it had to either strike the enhancement completely or not at all.

Mitchell appealed and we initially affirmed. (*People v. Mitchell* (May 28, 2020, B298910) [nonpub. opn.].) Our Supreme Court granted review and then ruled in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*) that courts have discretion to dismiss a greater enhancement for an uncharged lesser statutory

3

enhancement, remanding this case back to us for consideration in light of *Tirado*.

We thereafter remanded the matter to the trial court for a new sentencing hearing to "reconsider its decision whether to strike the section 12022.53, subdivision (b) enhancements in this case in light of the broader discretion, recognized in *Tirado*, to impose unproven lesser enhancements, including under section 12022.5." (*People v. Mitchell* (June 2, 2022, B298910) [nonpub. opn.] at p.*2.)

Upon remand to the trial court after that decision, Mitchell's counsel asked the trial court to reconsider his sentence in three ways:

1) Order concurrent terms on counts 2, 3, 5 and 6 for an aggregate sentence of 11 years and four months;

2) Impose a sentence no greater than the mid-term due to recent amendments to section 1170, subdivisions (b)(1) and (2), since no "aggravating factors have been admitted by the defendant or pled and proven beyond a reasonable doubt"; and

3) Dismiss or reduce the enhancements under section 1385.

The trial court concluded that it lacked discretion to consider the first two requests. Citing *People v. Cervantes* (2021) 72 Cal.App.5th 326 (*Cervantes*), the court concluded that "the issues that the court may address on remand proceedings are limited to those specified in the reviewing court's directions. . . . That is, the court cannot exceed the scope of the remand." The court then read from the disposition section of this court's 2022 opinion, as follows: "The judgment is reversed to the extent it imposed firearm enhancements pursuant to section 12022.53 subsection (b). The matter is remanded for sentencing with directions that the court exercise its discretion pursuant to

4

12022.53 subdivisions (h) and (j).  In all other respects, the judgment is affirmed."

The court thus ruled only on the third request, and explicitly noted that it was considering both whether to strike one or more of the section 12022.53, subdivision (b) enhancements under section 12022.53, subdivision (h) and also whether, in lieu of striking, to impose a lesser included enhancement pursuant to section 12022.5, subdivision (a).

The court then noted that "the case involved takeover robberies that caused great fear to the victims.  The defendant had two, prior felony convictions at the time of the commission of the offense or offenses, I should say.  I find that in the interest of justice it would not be served – well served to strike any enhancement pursuant to . . . section 12022.5 subdivision (h).  [¶] It would not be in the interest of justice to impose any lesser included enhancement pursuant to . . . section 12022.5 subdivision (a) in lieu of the 12022.53 subsection (b).  [¶]  As such the sentence remains unchanged."

This appeal followed.

## DISCUSSION

### I.      Standard of Review

There are two issues in this appeal, both of which are reviewed under an abuse of discretion standard.  The first is whether the trial court misunderstood the scope of its discretion in resentencing by only considering the third issue posed rather than reconsidering sentencing on the other two bases.  A court that is unaware of the scope of its discretion necessarily abuses its discretion. (*People v. Mitchell, supra,* (June 2, 2022) at p. *7, citing *People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).)

5

The second issue is whether the trial court abused its discretion in denying the motion to dismiss the 12022.53, subdivision (b) enhancements or impose a lesser enhancement.

The abuse of discretion standard is highly deferential. A trial court's exercise of that discretion " ' " 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " ' " (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)

## II.    Remand for Full Resentencing

The People agree that remand is appropriate as to the sentencing requests made by Mitchell that were not considered by the lower court.  Both sides quote the language in the June 2, 2022 opinion that "defendant is entitled to an opportunity to ask the court to exercise its discretion within the full range of possible sentences in mind." (*People v. Mitchell, supra,* (June 2, 2022) at p. *7.)

Our Supreme Court has held that "once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*People v. Padilla* (2022) 13 Cal.5th 152, 163.)  The so-called "full resentencing rule" mandates that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  The rule recognizes that "the resentencing court may consider 'any pertinent circumstances which have arisen since the prior sentence was imposed.' " (*Ibid.*; see also *People v. Walker* (2021) 67 Cal.App.5th 198, 205 ["when a trial

6

court corrects one part of a sentence on remand, it is obligated to address the effects of subsequent events that render other parts of that sentence legally incorrect"]; *People v. Codinha* (2023) 92 Cal.App.5th 976, 995.)  As recognized by both sides, the rule requires remand in this case so that the trial court can exercise its full discretion as to any aspect of the resentencing.

The case relied on by the trial court, *Cervantes, supra,* 72 Cal.App.5th 326, does not require a contrary result.  That case held that the full resentencing rule did not apply in the circumstances present there, where the matter had only been remanded to the trial court because of a change in the law, not because the trial court had committed legal error in the sentencing.  (*Id.* at pp. 331-332.)  There, the sentence had not been vacated in any way.  (*Id.* at p. 332.)

As the People acknowledge, *Cervantes* is distinguishable and not applicable here.  Here, by contrast, the judgment was reversed because the trial court rejected Mitchell's request to consider a lower enhancement under section 12022.5, subdivision (a). (*People v. Mitchell, supra,* (June 2, 2022) at pp. *6-7.)

Accordingly, the matter is remanded again for full resentencing as to all counts.  The trial court may exercise its discretion to impose any appropriate sentence, and may consider any pertinent circumstances which have arisen since the prior sentence was imposed.

III.  **The Court Did Not Abuse its Discretion in Deciding Not to Strike or Reduce the Enhancements**

As noted above, the trial court did consider at the 2023 resentencing hearing whether to dismiss or impose a lesser firearm enhancement and concluded that it would not.  Mitchell

argues that in reaching this conclusion, the trial court abused its discretion in light of appellant's exceptional prison record over the past 10 years.

When reviewing a decision not to strike an enhancement, the court is "guided by two fundamental precepts. First, ' "the burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' . . . . Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Carmony, supra,* 33 Cal.4th at pp. 376-377.)

If the party attacking the sentence cannot clearly show that the sentencing decision was irrational or arbitrary, the trial court is " 'presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

Mitchell argues that the trial court abused its discretion because there was "undisputed evidence that appellant has completely turned his life around while in prison," and because the Legislature has authorized trial courts to dismiss sentencing enhancements for a "deserving defendant." However, even after the amendments to sections 12022.5 and 12022.53, a trial judge retains the discretion to impose the enhancement on a " 'defendant who merited additional punishment for the use of a

firearm in the commission of a felony.' " (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 496-497.)

In fact, according to our Supreme Court, the Legislature's intent with the amendments to section 12022.53 was to "retain the core characteristics of the sentencing scheme. More severe terms of imprisonment with the harshest applicable sentence remained the default punishment. However, courts were granted the flexibility to impose lighter sentences in appropriate circumstances." (*Tirado, supra,* 12 Cal.5th at pp. 701-702.) Consistent with this analysis, the court has more recently held that there is no rebuttable presumption in favor of dismissing enhancements. (*People v. Walker* (2024) 16 Cal.5th 1024, 1033.)

Here, the trial judge indicated that he had read and considered our opinion and the remittitur "and the points and authorities [raised] by counsel." Mitchell's counsel "reiterat[ed] the fact that my client's performance over the last ten years in prison has been exceptional, and I would ask the court to consider that in terms of its discretion." The prosecutor then reminded the court about the facts of the case: "This was a violent bank robbery, and I believe it involved several banks. It was well planned and organized. Defendant, co-defendants used guns. They terrorized patrons and employees."

The court denied the requests to either strike or reduce the gun enhancements, noting the violence involved and the prior history of the defendant, and concluding it would not be in the interest of justice.

Mitchell may not prevail by arguing what a more reasonable sentence would have been. (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637 ["It is not enough to show that

9

reasonable people might disagree"].)  He has not met the standard to show an abuse of discretion.

## IV. The Court Will Remand for Further Resentencing by the Trial Judge

We decline Mitchell's invitation to resentence directly on appeal in lieu of remand.  As discussed above, remand is required to permit the trial court to conduct a full resentencing hearing, exercising its discretion to impose an appropriate sentence including consideration of any pertinent circumstances which may have arisen following imposition of the prior sentence.

## DISPOSITION

The judgment is affirmed in part, as to the court's decision not to strike or reduce one or more of the firearm possession enhancements under section 12022.53.  It is otherwise reversed and remanded with instructions to conduct a full resentencing hearing.


RICHARDSON, J.


We concur:



ASHMANN-GERST, Acting P. J.



CHAVEZ, J.


10